# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHWESTERN DIVISION

| | |
|---|---|
| CLIFTON REESE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:22-cv-05053-RK |
| TYSON POULTRY, INC., | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant Tyson Poultry, Inc.'s motion to stay proceedings. (Doc. 39.) Plaintiff Clifton Reese did not file a response in opposition. For the reasons below, the motion to stay proceedings is **GRANTED.**

### Background

This lawsuit stems from Defendant's vaccination policy mandating that employees be vaccinated against the COVID-19 virus, with certain accommodations available. The essence of Plaintiff's case is that he was forced out of his job because he refused to be vaccinated against the COVID-19 virus for religious reasons. On February 7, 2023, the Court entered an Order (1) dismissing Plaintiff's Counts II (retaliation) and III (invasion of privacy), and (2) directing Plaintiff to file an Amended Complaint substituting Tyson Poultry as the defendant and including only Count I (religious discrimination in violation of the Missouri Human Rights Act (MHRA)), which he did on February 10, 2023. (Doc. 37.)

Defendant argues that this litigation should be stayed pending the Supreme Court's decision in *Groff v. DeJoy*, No. 22-174 (U.S.), expected by the end of the current Supreme Court Term.

### Legal Standard

District courts have "broad discretion" to stay proceedings as a case or docket management tool. *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)); *see A.M. ex rel. Deora v. Bridgecrest Acceptance Corp.*, No. 4:20-cv-00553-SEP, 2020 WL 3489280, at *3 (E.D. Mo. June 26, 2020) (recognizing the Court's "inherent power to stay proceedings"). When a stay is requested under these circumstances, the Court considers factors including: "whether the non-moving party faces any potential prejudice,

the hardship and inequity to the moving party if the action is not stayed, and whether a stay might preserve judicial resources." *Thompson v. Rally House of Kansas City, Inc.*, No. 15-00886-CV-W-GAF, 2016 WL 9023433, at *4 (W.D. Mo. Jan. 25, 2016) (citing *Emerson v. Lincoln Elec. Holdings, Inc.*, No. 09-6004-CV-SJ-GAF, 2009 WL 690181, at *1 (W.D. Mo. Mar. 12, 2009)).

### Discussion

The questions presented in *Groff* are: (1) "Whether [the Supreme Court] should disapprove the more-than-de-minimis-cost test for refusing Title VII religious accommodations stated in *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63 (1977)"; and (2) "Whether an employer may demonstrate 'undue hardship on the conduct of the employer's business' under Title VII merely by showing that the requested accommodation burdens the employee's co-workers rather than the business itself." Questions Presented, *Groff v. DeJoy*, No. 22-174 (U.S.), *available at* https://www.supremecourt.gov/qp/22-00174qp.pdf (last visited Feb. 28, 2023).

Plaintiff's remaining claim is of religious discrimination in violation of the MHRA. Missouri courts have explained:

> The MHRA and Title VII are coextensive, but not identical, acts. These statutes create different causes of action. Missouri Courts have adopted federal Title VII case law when interpreting analogous discrimination statutes in the Missouri Human Rights Act. However, the MHRA is not merely a reiteration of Title VII. The Act is in some ways broader than Title VII, and in other ways is more restrictive. If the wording in the MHRA is clear and unambiguous, then federal case law which is contrary to the plain meaning of the MHRA is not binding.

*Brady v. Curators of Univ. of Missouri*, 213 S.W.3d 101, 112-13 (Mo. App. E.D. 2006) (citing *Hammond v. Municipal Correction Institute*, 117 S.W.3d 130, 136-37 (Mo. App. W.D. 2003)).

So, in considering Plaintiff's MHRA claim, the Court will "primarily apply Missouri law but may also apply federal employment discrimination law to the extent federal law is applicable and authoritative under the MHRA." *Button v. Dakota, Minnesota & E. R.R. Corp.*, 963 F.3d 824, 831 (8th Cir. 2020) (internal quotation omitted). "Missouri courts follow federal law so long as it is 'consistent with Missouri law.'" *Id.* (quoting *Daugherty v. City of Maryland Heights*, 231 S.W.3d 814, 818 (Mo. 2007), *abrogated on other grounds by* Mo. Rev. Stat. § 213.101.4). In particular, Missouri has used the "more-than-de-minimis-cost" standard articulated in *Trans World Airlines v. Hardison*. *Sedalia No. 200 Sch. Dist. v. Mo. Comm'n on Hum. Rts.*, 843 S.W.2d 928, 930 (Mo. Ct. App. 1992).

2

Case 3:22-cv-05053-RK    Document 44    Filed 03/27/23    Page 2 of 3

Under the circumstances of this case the Court finds a stay is appropriate. It appears that the Supreme Court is poised to resolve in *Groff* an important question that could well have meaningful implications for Title VII religious-discrimination/accommodation claims. In light of this parallel between Title VII and MHRA analysis, including on the particular question of undue hardship, Defendant's requested stay would promote judicial efficiency and otherwise best preserve and utilize judicial resources. Further, it would not prejudice Plaintiff in that this case is in its early stages and the parties have not completed significant discovery. Upon weighing the above stay factors, the Court finds a stay pending the Supreme Court's anticipated decision in *Groff v. DeJoy*, No. 22-174 is warranted here.

Accordingly, Defendant's unopposed motion to stay (Doc. 39) is **GRANTED**. The parties are ordered to file a status report within 10 days from the date of the Supreme Court's decision in *Groff v. DeJoy*, No. 22-174, unless otherwise directed by the Court.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: March 27, 2023